IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBINSON, #K91952,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-02661-JPG |
| | ) |
| **CATHERINE R. DAHL,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

This matter is once again before the Court for case management. Plaintiff David Robinson filed this lawsuit on July 31, 2023 (Doc. 1), and the United States District Court for the Central District of Illinois transferred it to this District on August 2, 2023 (Doc. 5). On the same date the case was opened in this District, this Court advised Plaintiff of his ongoing obligation to keep the Clerk of Court informed of any change in his address. (Doc. 6). He was warned that failure to do so within seven (7) days of any relocation would result in dismissal of his lawsuit. *Id*. Plaintiff was also reminded of this ongoing obligation. (*See, e.g.*, Doc. 14). Additionally, Local Rule 3.1 requires Plaintiff to keep the Clerk of Court informed of any address change. SDIL-LR 3.1(b)(2).

The Court recently cancelled a status conference in this matter after learning that Plaintiff is no longer incarcerated at Graham Correctional Center, *see* Docs. 33 and 35. According to publicly available information, Plaintiff was released on parole on April 25, 2024.[1] He did not notify the Court of an address change in violation of the Court's Orders, *see* Docs. 6 and 14. He

---

[1] According to the inmate search available on the Illinois Department of Corrections' website (https://idoc.illinois.gov/offender/inmatesearch.html), Plaintiff was released on parole on April 25, 2024. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

also failed to respond to the Court's Order to Show Cause why this case should not be dismissed for his failure to prosecute, in spite of a warning that this case would be dismissed without further notice based on Plaintiff's failure to respond to the Order.  (Doc. 34) (citing FED. R. CIV. P. 41(b)). Plaintiff was required to respond no later than May 24, 2024, and he filed no response.

The Court will not allow this matter to linger.  This case shall now be dismissed for failure to comply with multiple orders and for failure to prosecute the claims herein.  *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").  This case shall be dismissed, and the dismissal shall be with prejudice.

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice for failure to comply with multiple court orders to update his address, *see* Docs. 6, 14, and 34, and for failure to prosecute his claims, *see* FED. R. CIV. P. 41(b).  *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(A)(4).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to the Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P.

4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  6/11/2024**              s/ J. Phil Gilbert
                                   **J. PHIL GILBERT**
                                   **United States District Judge**